THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JORGE BALBUENA-PEGUERO

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 17-2335 (ADC)
[Related to Crim. No. 16-00656-1 (ADC)]

**OPINION AND ORDER**

Petitioner Jorge Balbuena-Peguero ("Balbuena" or "petitioner") filed a *pro se* petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. **ECF No. 1.**[1] The government filed an opposition. **ECF No. 7.** Petitioner replied. **ECF No. 8.** For the reasons explained below, the petition is **DENIED**.

I. **Factual and Procedural Background**

Balbuena pleaded guilty to Count One of the Indictment, charging him with conspiracy to import more than five kilograms of cocaine into the United States, in violation of 21 U.S.C. § 952(a), 960(a)(1) & (b)(1)(B), and 963. **Crim. No. 16-656-1, ECF No. 10**. At the trial level, Balbuena was represented by Eric A. Vos, Federal Public Defender for the District of Puerto Rico and Assistant Federal Public Defender Eleonora C. Marranzini. During the change of plea hearing

---

[1] Petitioner also filed a "motion for summary judgment" requesting default judgment against the government. **ECF No. 2**. Rule 5(a) of the Rules governing Section 2255 Proceedings provides that "the respondent is not required to answer the motion unless a judge so order." The government in this case filed its response within the deadline afforded by the Court. Accordingly, petitioner's request at **ECF No. 2** is **DENIED**.

and as reflected in the plea agreement he signed, Balbuena assured that he understood the terms, consequences, and conditions of his plea, including the waiver of his right to appeal the judgment if sentenced within the plea agreement's recommendations, and the evidence underlying the charges. **Crim. No. 16-656-1, ECF No. 42; ECF No. 103** at 15, 18-22; **ECF No. 104** at 16. Petitioner recognized that his plea was knowingly and voluntary. **Crim. No. 16-656-1, ECF No. 42** at 7; **ECF No. 102** at 18, 22. He also stated his satisfaction with FPD Marranzini's performance and recognized that his counsel had consulted with him and reviewed the plea agreement. **Crim. No. 16-656-1, ECF No. 42** at 6, 9; **ECF No. 103** at 17-18. Consequently, the Court found that defendant's plea was knowing, intelligent, and voluntary. **Crim. No. 16-656-1, ECF No. 103** at 22-23.

At the sentencing hearing, both petitioner and defense counsel separately confirmed the accuracy of the Pre-Sentence Report ("PSR"). **Crim. No. 16-656-1, ECF No. 104** at 2, 7. Petitioner addressed this Court, acknowledging responsibility. **ECF No. 104** at 7-9. The Court noted that petitioner waived his right to an appeal if sentenced within plea agreement's recommended sentence. **ECF No. 104** at 16. Petitioner was sentenced to 57 months of imprisonment, on the lower end of the applicable guideline range. **Crim. No. 16-656-1, ECF No. 104 at 14**. That same day, Balbuena signed a form titled Decision Regarding Appeal, stating that he did not want to appeal from the judgment of conviction and sentence. **ECF No. 7-1**.

## II. Legal Standard

The Court liberally construes *pro se* petitions, though "pro se status does not insulate a party from complying with procedural and substantive law." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997). To succeed on a claim that counsel was constitutionally ineffective, "[p]etitioner must first show that his counsel's 'performance was deficient,' and he must then show that 'the deficient performance prejudiced the defense.'" *Williams v. United States*, 858 F.3d 708, 715 (1st Cir. 2017) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "The first requirement necessitates a demonstration that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* (citation and internal quotation marks omitted).

Nonetheless, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* (citations and internal quotation marks omitted). The prejudice requirement, meanwhile, necessitates a demonstration of "a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017) (citation and internal quotation marks omitted). Failure to prove either prong of an ineffective assistance claim is fatal to the claim. *United States v. Caparotta*, 676 F.3d 213, 219–20 (1st Cir. 2012).

The petitioner bears a heavy burden of proof in this regard. *See Argencourt v. United States*, 78 F.3d 14, 16 (1st Cir. 1996). However, "a reviewing court need not address both requirements if the evidence as to either is lacking." *Sleeper v. Spencer*, 510 F.3d 32, 39 (1st Cir. 2007). "If it is

easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697.

### III. Analysis

"In the context of guilty pleas, the first half of the *Strickland* test is nothing more than a restatement of the standard of attorney competence...". *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). Nonetheless, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59. According to petitioner, had his counsel not neglected arguing factors under 18 U.S.C. § 3353(a), he could have received a lower sentence. *Id.* Petitioner also contends that his counsel was ineffective for failing to file a notice of appeal despite his purported request for her to do so. *Id.* at 3-4. Petitioner, thus, asks this Court to vacate his sentence or allow him to file a "belated" appeal.

A review of the record shows that even if viewed in the light most favorable to petitioner, his arguments lack merit. Petitioner signed the plea agreement, the accompanying statement of facts and initialed every page of the agreement as well as the statement of facts. **Crim. No. 16-656-1, ECF No. 42**. His plea agreement, at paragraph 11, included an appeal waiver, the validity of which he does not challenge.[2] **ECF No. 42** at 4. During the plea colloquy, petitioner

---

[2] Notably, in his petition, Balbuena does not proffer any valid reason to depart from his statements during the plea and sentencing hearings. *Cf. United States v. Butt*, 731 F.2d 75, 80 (1st Cir. 1984) (citing *Crawford v. United States*, 519 F.2d 347 (4th Cir. 1975)) (noting that a petitioner's statements and declarations during the change of plea hearing regarding his voluntary acceptance of the plea agreement cannot be controverted in a subsequent 2255 motion "unless he offers a valid reason why he should be permitted to depart from the apparent truth of his earlier

acknowledged that if sentenced pursuant to the plea agreement's recommendations, he waived his right to appeal the sentence. **ECF No. 103** at 15. He also admitted and agreed to the contents and terms of the plea agreement as well as the facts as narrated by the government. **Crim. No. 16-656-1, ECF Nos. 103** at 18-22. The Court's admonishment during the change of plea hearing included the sentencing guidelines calculations contained in the plea agreement, as well as any stipulated enhancements or credits. *Id*. at 9-15. Petitioner never objected to the facts set forth by the government despite being granted the opportunity to do so. *Id.* On the contrary, he expressed satisfaction with the services provided by his counsel and admitted that his counsel had explained the contents of the plea agreement. *Id*.

Thereafter, petitioner's counsel filed a sentencing memorandum arguing for the imposition of a lower sentence based on petitioner's history and characteristics (§3553 factors), and reciprocal evidence was submitted to the government in an attempt to mitigate petitioner's exposure. **Crim. No. 16-656-1, ECF No. 874**. During sentencing, petitioner recognized that he had discussed the PSR with his counsel and understood the contents to be correct. **Crim. No.**

---

statements."). The record shows that during sentencing, petitioner was advised that he would waive his right to appeal if sentenced within the plea agreement recommendations, which he was. Indeed, petitioner does not claim that he was sentenced in excess of the maximum penalty permitted by law, or that his sentence violated a material term of his plea agreement. *Sotirion v. United States*, 617 F.3d 27, 38 (1st Cir. 2010) (holding that miscalculation of the advisory guidelines range is precisely the kind of "garden-variety" claim of error contemplated by Sotirion's appellate waiver). As the appeals court noted, "[i]f the mere fact that a defendant has arguments he could potentially invoke on appeal were allowed to invalidate a waiver, then appellate waivers would become meaningless." *United States v. Edelen*, 539 F.3d 83, 87 (1st Cir. 2008). Therefore, the validity of his plea agreement and waiver of appeal remains uncontested.

**16-656-1, ECF No. 104** at 7. In fact, during sentencing, counsel argued extensively in favor of a sentence at the lower end of the guideline range for Count One. *Id.* at 3-7.

After expressly noting its consideration of Section's 3555(a) factors and the particularities of the case, the Court sentenced petitioner to a 57-months term of imprisonment as to Count One, at the lower applicable guideline range. The Court once again advised petitioner that since a sentence, lower than the one he had stipulated to had been imposed, the waiver of appeal stipulation had been triggered. Nonetheless, out of an abundance of caution, not because he had preserved his appeal rights, the Federal Public Defender's Office was to continue representing him in case of an appeal. **Crim. No. 16-656-1, ECF No. 104** at 16. After sentencing, petitioner signed the Decision Regarding Appeal form, stating that he did not want to appeal. **ECF No. 7-1**. Consequently, his counsel did not file a notice of appeal.

The two-prong *Strickland* analysis applies to claims "that counsel was constitutionally ineffective for failing to file a notice of appeal." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (abrogating *United States v. Tajeddini*, 945 F.2d 458 (1st Cir. 1991) (*per curiam*). In *Flores-Ortega*, the Supreme Court held that when an attorney's deficient performance causes a defendant to lose the right to file an appeal he would have otherwise pursued, prejudice to the defendant is presumed without any additional showing from the defendant of the merits of his underlying claims. The Court held that "counsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2)

that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known." *Id*. (citing *Strickland*, 466 U.S. at 690). Certainly, "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable" and presumptively prejudicial. *Id*. at 477 (citing *Rodriquez v. United States*, 395 U.S. 327 (1969)). In February 27, 2019, the Supreme Court extended *Flores-Ortega*'s presumption of prejudice to defendants who had signed an appeal waiver, noting that "even the broadest waiver did not deprive a defendant of all appellate claims." *Garza v. Idaho*, 139 S. Ct. 738, 748 (2019). Thus, when a trial attorney fails to file a notice of appeal despite the defendant's express instructions, prejudice is presumed without a further showing from the defendant, even in the context of a defendant who signed a waiver of appeal.

Several months later, following suit, the First Circuit applied *Flores-Ortega*'s presumption of prejudice in circumstances where a defendant had executed a plea agreement which included a waiver of appeal stipulation. *Rojas-Medina v. United States*, 924 F.3d 9 (1st Cir. 2019). In *Rojas-Medina*, after sentencing, the defendant expressed a desire to appeal as well as dissatisfaction with his sentence, despite having signed a plea agreement which contained an appeal waiver. After a two-minute conferral with his counsel upon conclusion of the sentencing proceedings, they never spoke again, and counsel failed to file a notice of appeal. *Id*. at 14. Defendant later argued he had requested counsel to undertake an appeal from his sentence. The First Circuit found that counsel had a duty to consult defendant – which extended beyond a two-minute

conversation -especially when defendant had clearly expressed dissatisfaction with the outcome of the criminal proceedings and there were non-frivolous grounds for appeal. *Id.* at 16-18.

The facts of this case, however, differ from those in *Flores* and *Rojas-Medina*. During his change of plea as well as sentencing, petitioner acknowledged that he was waiving his right to appeal if sentenced within the plea agreement's terms, which he was. He further recognized that his counsel had duly informed and explained both the terms of the plea agreement, which included the waiver of appeal, and the PSR. He did not express any dissatisfaction to the Court when advised of these matters. Most importantly, after sentencing, petitioner signed a document titled Decision Regarding Appeal, which contains text in both English and Spanish language, wherein he acknowledged that counsel explained the options, merits and circumstances surrounding a potential appeal and petitioner expressly rejected interest in appealing. **ECF No. 7-1**. The fact that a separate waiver of appeal was signed by defendant after sentencing, leads us to the logical inference that outside of the courtroom environment, while relieved of any stress a Court hearing may cause; counsel and defendant met once again to discuss defendant's right to an appeal. Defendant was once again appraised both of his appeal rights and consequences of a waiver. The form, as signed by defendant, is in the Spanish language (as well as in English) to ensure defendant's understanding of its contents.

On the other hand, in compliance with this Court's order, petitioner's former counsel, FPD Marranzini informs that prior to sentencing, she met with petitioner at MDC and discussed potential outcomes of the sentencing, his right to appeal and the consequences of appealing.

**ECF No. 11**. She further noted that prior to the sentencing hearing, she reviewed and translated the form Decision Regarding Appeal to petitioner. *Id.* Lastly, after sentencing, she conferred with petitioner regarding the outcome of sentencing, explained the potential consequences of an appeal and asked whether he wanted to appeal, to which petitioner responded in the negative, and signed the Decision Regarding Appeal form. *Id.* FPD Marranzini's statements coincide with the evidence on the record showing that he did not wish to appeal nor requested that his counsel file a notice of appeal.

Petitioner does not even attempt to explain the discrepancy between his current allegations and the evidence on the record, aside from alleging that after sentencing counsel told him to sign "legal paper work" and that he was confused. This Court, however, is not persuaded. While the Court normally takes "as true the sworn allegations of fact set forth in the petition" for habeas relief when no evidentiary hearing occurs, the Court need not rely on allegations that "are merely conclusory, contradicted by the record, or inherently incredible." *Ellis v. United States*, 313 F.3d 636, 641 (1st Cir. 2002). Even deeming petitioner's allegations in the complaint as true, his allegations are contradicted by the record and he fails to rebut the evidence establishing that he was duly advised about his right to appeal and chose not to.

Petitioner does not proffer that he was sentenced in violation of the Constitution or the laws of the United States, that jurisdiction is lacking or that his sentence exceeds the statutory maximum. *See* 28 U.S.C. § 2255. Petitioner's allegation that counsel did not raise § 3553 factors is contradicted by the record. Mitigating evidence was submitted to the government during plea

negotiations, as proffered by the parties. More so, defense counsel filed a sentencing memorandum arguing the applicable § 3553 factors. **Crim. No. 16-00656-1 ECF No. 72**. Defense counsel also argued § 3553 at the sentencing hearing. *Id.* **ECF No. 104** at 3-6.

Moreover, petitioner does not set forth any arguments that would raise his claims to the level of a miscarriage of justice. Accordingly, he is not entitled to habeas relief on these grounds. Petitioner argues notwithstanding that if allowed to appeal he would argue that his 57-months long sentence is unreasonable. He posits that the Court did not take into consideration mitigating factors pursuant to 18 U.S.C. § 3553(a). *See United States v. Vázquez-Rivera*, 470 F.3d 443, 449 (1st Cir. 2006).

Appellate review of sentences is highly deferential since the district court "possesses a number of institutional advantages, including a superior coign of vantage, greater familiarity with the individual case, the opportunity to see and hear the principals and the testimony at first hand, and the cumulative experience garnered through the sheer number of district court sentencing proceedings that take place day by day." *United States v. Madera-Ortíz*, 637 F.3d 26, 30 (1st Cir. 2011) (citations omitted). In assessing the substantive reasonableness of a sentence on appeal, it is significant that the sentence falls within the applicable sentencing range. "[A] defendant who attempts to brand a within-the-range sentence as unreasonable must carry a heavy burden." *Id*. Since petitioner does not argue any procedural errors, any appellate review would hinge on this Court's reasonableness in imposing a sentence on the lower end of the applicable sentencing range.

From the sentencing transcript, it is gleaned that this Court examined the relevant sentencing factors, expressly stating that it had considered all the section 3553(a) factors. *See Madera-Ortiz*, 637 F.3d at 29-30. This Court also "offered a cogent and well-supported explanation for its ultimate sentencing determination." *United States v. Hunter*, 653 Fed. Appx. 11, 15 (1st Cir. 2016). In fact, the Court afforded weight to petitioner's acceptance of responsibility and family circumstances in imposing a sentence at the lower end of the applicable sentencing range. In ascertaining reasonableness on appeal, the First Circuit has held that "[a]s long as we can discern 'a plausible sentencing rationale' which reaches 'a defensible result,' the sentence will be upheld." *Madera-Ortiz*, 637 F.3d at 31.

Given the clarity of this Court's decision-making process, the fact that petitioner's sentence fell at the lower end of the applicable sentencing range as well as below the plea agreement's recommended sentencing range, the sentence cannot be presumed or considered unreasonable. Absent a cognizable argument on appeal, an appeal on these grounds would have been futile.

**IV. Petitioner's request for a hearing**

A prisoner who invokes section 2255 is not entitled to an evidentiary hearing as a matter of right. *Aponte-Aponte v. United States*, 374 F. Supp. 3d 171, 186 (D.P.R. 2019) (citations omitted). It is well settled that "evidentiary hearings in section 2255 cases are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted." *Id*. (citing *Moreno-Morales v. United States*, 334 F. 3d 140 (1st Cir. 2003)). "In deciding

whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

An evidentiary hearing, however, "is not necessary when a section 2255 petition is inadequate on its face, or although facially adequate, is conclusively refuted as to the alleged facts by the files and the record of the case." *Aponte-Aponte*, 374 F. Supp. 3d at 186 (citing *United States v. DiCarlo*, 575 F. 2d 952, 954 (1st Cir. 1978)). In the instant case, as discussed above, the record does not support Balbuena's allegation that counsel failed to file a notice of appeal even though he requested it. Contrarily, the evidence shows that Balbuena voluntarily accepted the plea agreement, the waiver of appeal, was duly advised about his waiver of appeal if sentenced within the plea agreement's recommendation, and signed a document expressly stating that he did not wish to appeal and that counsel effectively argued § 3553 factors at sentencing. Considering the foregoing, counsel cannot be deemed ineffective on these grounds. As such, petitioner's request for an evidentiary hearing is **DENIED**.

V. **Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, a "district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant." Rules Governing § 2255 Proceedings, Rule 11, 28 U.S.C.A. foll. § 2255. To merit a COA, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant must demonstrate that "reasonable jurists would find the

district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner made no such showing here. Thus, the Court will not issue him a certificate. Therefore, a COA is **DENIED**.

## VI. Conclusion

Based on the above, Balbuena's petition is **DENIED,** and the case is **DISMISSED WITH PREJUDICE. ECF No. 1.** He is also **DENIED** a COA.

Petitioner's requests for appointment of counsel and an evidentiary hearing at **ECF No. 1** are **DENIED**.

Petitioner's motion for summary judgment at **ECF No. 2** is **DENIED WITH PREJUDICE.**

The Clerk of the Court shall enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 30th day of March, 2021.

                                                  **S/AIDA M. DELGADO-COLÓN**
                                                  **United States District Judge**